[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12063
Non-Argument Calendar

_____

D. C. Docket No. 04-00072-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACEY MONTEZ MATHEWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 7, 2005)

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Stacey Montez Mathews appeals his 121-month sentence imposed after he

pled guilty to distributing more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Mathews argues on appeal that the district court imposed an "excessively harsh" sentence on him even though he was contrite and apologized to the court for his crime. Mathews also claims that even though his prior convictions placed him into criminal history category IV, the district court should have considered more carefully that some of his prior convictions were for misdemeanor offenses. In advancing his claim, Mathews does not cite to any provision of the Sentencing Guidelines or to any other authority.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a defendant's sentence for reasonableness when the district court has calculated correctly the defendant's Guideline range. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "After the district court has accurately calculated the Guideline range, it 'may impose a more severe or more lenient sentence' that we review for reasonableness." Id. (quoting United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005)). In conducting this review, we evaluate whether the sentence imposed by the district court was reasonable in light of the factors provided at 18 U.S.C. § 3553(a), which include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence

imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guideline range. Id. at 1246.

Applying the § 3553(a) factors to this case, we consider that Mathews was convicted of distributing over 80 grams of crack cocaine. With a criminal history category of IV, Mathews's Guideline range was 121 to 151 months, and the district court sentenced him to the lowest point of that range. Mathews has multiple prior convictions, including prior convictions for the possession and sale of cocaine. He also has violated his probation several times by committing additional serious offenses. Furthermore, we discern nothing in his apology to the court that mandates a lower sentence. In light of the application of the factors presented at 18 U.S.C. § 3553(a), we conclude that the sentence of the district court was reasonable. Accordingly, we affirm Mathews's sentence.

**AFFIRMED.**